IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| BARRY NICHOLSON *et al.* ) | |
| ) | Case No. 3:23-cv-00856 |
| v. ) | Judge Campbell |
| ) | Magistrate Judge Holmes |
| GURJANT SINGH *et al.* ) | |

**To:** The Honorable William L. Campbell, Jr.

### REPORT AND RECOMMENDATION[1]

Plaintiffs Barry Nicholson and Anita Nicholson ("Plaintiffs") originally commenced this action in the Circuit Court for Dickson County, Tennessee against Defendants Gurjant Singh ("Singh") and Shagan Transport, Inc. ("Shagan Transport") for "injuries and damages arising and resulting from the negligent action of the Defendants" related to a motor vehicle collision in May 2022. (Docket No. 1-2.) On August 16, 2023, Defendant Shagan Transport removed the action from the Circuit Court of Dickson County, Tennessee to this Court "based upon diversity of citizenship and a controversy exceeding $75,000." (Docket No. 1.)

As is its independent obligation, this Court has reviewed the complaint and taken other action to determine whether subject matter jurisdiction exists. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). For the reasons explained below, the Court respectfully **RECOMMENDS** that this action be remanded for lack of subject matter jurisdiction.

---

[1] In the Sixth Circuit, orders of remand are outside the authority of magistrate judges under 28 U.S.C. § 636(b)(1)(A). *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 517 (6th Cir. 2001). Accordingly, the undersigned issues this report and recommendation.

# I. BACKGROUND

In their complaint, Plaintiffs included three claims: (1) negligence; (2) respondent superior/vicarious liability; and (3) loss of society and consortium. (Docket No. 1 at 2–3.) Plaintiffs asked to be "awarded a judgment against the defendants, for the medical expenses, physical pain, and mental suffering, in compensatory damages." (*Id.* at 3.)

After removal, the Court ordered Defendant Shagan Transport to "file the documents upon which it relies as demonstrating that the threshold amount for diversity jurisdiction is satisfied in this case." (Docket No. 13 at 1.) In response, on January 8, 2024, Defendant Shagan Transport filed the requested notice, in which it contended that "the monetary threshold of diversity jurisdiction exists" based on Plaintiff Anita Nicholson's medical bills, lost wages, and future medical bills, and based on Plaintiff Barry Nicholson's loss of consortium claim. (Docket No. 17.) Defendant Shagan Transport further stated that Plaintiffs' counsel agreed that the amount in controversy exceeds the threshold requirement of $75,000. (*Id.* at 1–2.) In addition, Defendant Shagan Transport filed under seal Plaintiff Anita Nicholson's medical bills, which total $71,721.45. (Docket No. 18.)

Following the initial case management conference on January 9, 2024, the Court ordered Defendant Shagan Transport to "file a supplemental notice of monetary threshold for diversity jurisdiction that includes an itemization of the damages claimed by Defendants." (Docket No. 20 at ¶ A.) In response, on January 19, 2024, Defendant Shagan Transport filed the requested supplemental notice, which was an almost word-for-word reiteration of its prior notice. (Docket No. 23.) However, Defendant Shagan Transport also filed under seal an itemized list of Plaintiff Anita Nicholson's medical bills (totaling $71,721.45) and her alleged lost wages (totaling $2,057.51). (Docket No. 22-1 at 1.) The list did not include an itemization of any unliquidated damages (i.e., future medical expenses, physical pain, mental suffering, loss of consortium).

On January 16, 2024, this Court entered an order requiring Defendant Shagan Transport, Inc. ("Shagan Transport") to show cause why this action should not be dismissed or remanded for lack of subject matter jurisdiction. (Docket No. 24.) Defendant Shagan Transport was ordered to "by no later than February 9, 2024, file a written response that demonstrates a basis for diversity jurisdiction." (*Id.* at 4, ¶ 1.) Defendant Shagan Transport failed to file the required response by February 9, 2024.

## II. LEGAL STANDARDS AND ANALYSIS

Removing defendants bear the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006). In a diversity case, the removing party must show (1) that "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation," and (2) that the jurisdictional minimum amount in controversy is met. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (quoting *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)); *see* 28 U.S.C. § 1332(a). Removal statutes are to be narrowly construed. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Accordingly, "all doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493.

Although no party contests jurisdiction, the Court has an independent obligation to consider subject matter jurisdiction. *See Hertz Corp.*, 559 U.S. at 94. Defendant Shagan Transport removed the matter to this Court based on 28 U.S.C. § 1332 (Docket No. 1 at 1), which confers federal jurisdiction over cases between "citizens of different States" in which "the matter in controversy exceeds the sum or value of $75,000." There appears to be complete diversity between the parties because Plaintiffs are citizens of Tennessee and Defendants are citizens of New York and California (Singh is a citizen of New York and Shagan Transport is a California corporation with a principal place of business in California). (Docket No. 1-2 at ¶¶ 1-2; Docket No. 6 at ¶¶ 1–2.)

Therefore, this Court has subject matter jurisdiction if the amount in controversy in this case exceeds $75,000.

The amount in controversy is assessed as of the time that the complaint is filed. *Gissendanner v. RiverSource Life Ins. Co.*, No. 22-1577, 2023 WL 4564764, at *2 (6th Cir. Jul. 17, 2023) (citing *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920 n.1 (6th Cir. 2000); *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990)). Where a plaintiff does not contest a defendant's removal of a case to federal court, a defendant need only plausibly allege that the amount in controversy exceeds $75,000. *Id.* (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014)). However, subject matter jurisdiction, which is at issue here, cannot be conferred by consent of the parties. *Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir.2003).

Even with the information contained in Defendant Shagan Transport's notices regarding jurisdiction (Docket Nos. 17, 19), Shagan Transport has not demonstrated that the threshold amount in controversy of $75,000 has been met with respect to Plaintiff Anita Nicholson's claims. According to her own filings, Plaintiff Anita Nicholson's alleged itemized damages total only $73,778.96. (Docket No. 22-1 at 1.) Shagan Transport must demonstrate that other damages claimed by Plaintiff Anita Nicholson (i.e., physical pain and mental suffering) are properly included in the calculation of the amount in controversy, which it failed to do. Shagan Transport must also demonstrate that Plaintiff Anita Nicholson's alleged future medical expenses may be considered when determining whether she has exceeded the amount in controversy threshold. By failing to timely respond to the Court's show cause order (Docket No. 24), Defendant Shagan Transport has not carried its burden of demonstrating a basis for diversity jurisdiction in this case.

Further, the question of the Court's subject matter jurisdiction over claims asserted by Plaintiff Barry Nicholson is even less clear. Plaintiffs' complaint appears to allege only a loss of consortium claim by Plaintiff Barry Nicholson. (Docket No. 1-2 at 3.) However, Plaintiffs' prayer

4

for relief requests a judgment against Defendants "for the medical expenses, physical pain, and mental suffering." (*Id.*) If Plaintiff Barry Nicholson is asserting only loss of consortium there is no indication that this claim reaches the threshold amount in controversy of $75,000. *See Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983) (each complainant must independently satisfy jurisdictional requirement amount); *Yebuah v. Center for Urological Treatment, PLC*, 624 S.W.3d 481, 488 (Tenn. 2021) (in Tennessee, a loss of consortium claim is a separate injury and cause of action). If Plaintiff Barry Nicholson is asserting any other damages claims, demonstration of the threshold for diversity jurisdiction is unclear, even under a preponderance of the evidence standard, for all the reasons stated above.

Defendant Shagan Transport failed to timely respond to the Court's direction to show cause why this action should not be dismissed or remanded for lack of subject matter jurisdiction. (Docket No. 24.) By its lack of response, Shagan Transport has likewise failed to establish federal subject matter jurisdiction.

## III. RECOMMENDATION

For the reasons set forth above, it is respectfully **RECOMMENDED** that:

1. This action be remanded to the Circuit Court for Dickson County, Tennessee.

2. Any pending motions in this matter be terminated as moot.

3. The Clerk be directed to close the file.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004)

(en banc). Any responses to objections to this Report and Recommendation must be filed within 14 days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

6

Case 3:23-cv-00856    Document 25    Filed 02/12/24    Page 6 of 6 PageID #: 186